**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re Paraquat Products Liability Litigation | ) ) ) |

## MOTION TO QUASH RECORDS SUBPOENAS
## AND SUGGESTIONS IN SUPPORT

Ray-Carroll County Grain Growers, Inc. ("Ray-Carroll") moves the Court to quash four records subpoenas that it received from plaintiffs in *In re Paraquat Products Liability Litigation*. The subpoenas do not comply with the order in that case governing third-party subpoenas. The subpoenas also violate Rule 45 in numerous respects. For each of these reasons and all of them, Ray-Carroll asks the Court to grant this motion and quash the subpoenas in their entirety.

### Background

1.      *In re Paraquat Products Liability Litigation* is multi-district litigation consolidated in the United States District Court for the Southern District of Illinois in front of Judge Rosenstengel. On February 26, 2024, Judge Rosenstengel issued Case Management Order No. 21 ("CMO 21"). Ex. 1. It directed "each Plaintiff in this MDL to serve third-party subpoenas pursuant to Fed. R. Civ. P. 45" seeking "documentary proof of his or her use of and/or exposure to paraquat." CMO 21 at 3. CMO 21 required any third-party subpoenas to be "served by **March 11, 202[4]**," and to "specify a return date of **21 days from service**." *Id.* (emphasis in original).

2.      On March 12, 2024, Ray-Carroll received a records subpoena from Alvin Love (the "Love subpoena"). Ex. 2. The subpoena required the production of documents in Birmingham, Alabama, by April 1, 2024, 20 days after Ray-Carroll received the subpoena. *Id.*

3. The same day, Ray-Carroll received a records subpoena from Steven Mistler (the "Mistler subpoena"). Ex. 3. The subpoena directed Ray-Carroll to produce documents in Edwardsville, Illinois, by April 1, 2024. *Id.*

4. A week later, on March 18, 2024, Ray-Carroll received a records subpoena from Welmon Frazer Letzig (the "Letzig subpoena"). Ex. 4. The subpoena directed Ray-Carroll to produce documents in Montgomery, Alabama by April 1, 2024, *i.e.*, within 14 days.

5. Ray-Carroll also received on March 18, 2024, a records subpoena from Stephen Harris (the "Harris subpoena"). Ex. 5. This subpoena also set an April 1, 2024 deadline for production.

6. Ray-Carroll contacted each of the issuing parties and requested additional time to respond to the subpoenas. Love, Mistler and Harris each declined the request. Ex. 6. Counsel for Letzig expressed willingness to agree, but stated he needed to confirm whether he was able to do so. As of the filing of this motion, counsel for Letzig has not responded further.

## Argument

The records subpoenas do not comply with either CMO 21 or Rule 45. Ray-Carroll has informed the issuing parties of the numerous defects and the fact that Ray-Carroll does not have any documents that refer to the sale of paraquat to any of the plaintiffs. Ex. 7. Nor does Ray-Carroll have any documents that date from the period of paraquat exposure alleged by the plaintiffs in their various Complaints. *Id.* Ray-Carroll asked the plaintiffs to withdraw their subpoenas, but plaintiffs did not respond to that request and have not identified any grounds to seek discovery that is unlimited as to time and not circumscribed to documents related to paraquat. Accordingly, Ray-Carroll asks the court to quash the subpoenas.

- **The records subpoenas do not comply with CMO 21.**

CMO 21 required any records subpoenas to be served on third parties by March 11, 2024. None of the subpoenas complied with this requirement. Ray-Carroll did not receive the Love and Mistler subpoenas until March 12. The other two subpoenas, from Letzig and Harris, were even later. Ray-Carroll did not receive them until March 18.

Furthermore, CMO 21 required the subpoenas to specify a production deadline 21 days after service occurred. The subpoenas all fail to satisfy that requirement. All set April 1, 2024, as the production deadline, but that date is 20 days after Ray-Carroll received the Love and Mistler subpoenas and only 14 days after Ray-Carroll received the Letzig and Harris subpoenas.

Finally, CMO 21 explained that "a significant number of plaintiffs in the MDL do not plausibly allege exposure to paraquat" and the "Special Master has advised the Court that many Plaintiffs in the MDL have not produced any documentary evidence in support of their exposure allegations." CMO 21 at 2. As a result, the court authorized "additional limited third-party discovery" of "documentary proof of [Plaintiff's] use of and/or exposure to paraquat." *Id*. at 2, 3. The scope of the discovery sought by the subpoenas greatly exceeds the "limited third-party discovery" authorized by CMO 21.

The production requested by the subpoenas is not limited to paraquat. Instead, they seek documents regarding any "Restricted Use Pesticide, including but not limited to paraquat." The subpoenas define "Restricted Use Pesticide" as any chemicals used to farm classified as "for restricted use" status by the EPA, state law or state administrative agency.

The subpoenas are also not limited to the seeking evidence of a plaintiff's use of and/or exposure to paraquat. They seek all documents related to Ray-Carroll's practices or policies

related to selling any Restricted Use Pesticide, instructions, warnings, licensing, certification, and authorization. None of this is fairly deemed within the scope of CMO 21.

Because the subpoenas do not comply with the deadlines in CMO 21 or the substantive parameters of the limited third-party discovery authorized by CMO 21, they should be quashed.

- **The records subpoenas do not comply with Rule 45.**

The records subpoena must also be quashed because they (1) fail to allow a reasonable time to comply, (2) require production beyond 100 miles of Ray-Carroll's location, and (3) subject Ray-Carroll to an undue burden. Each is a separate ground requiring the subpoenas to be quashed or modified. Fed. R. Civ. P. 45(d)(3)(A)(i), (ii) and (iv).

The subpoenas do not allow a reasonable time to comply. While "reasonable time" for Rule 45(d)(3)(A)(i) is not defined by statute, Judge Rosenstengel specified in CMO 21 that third parties be given 21 days to respond. By instead allowing 20 days or 14 days to respond, and refusing to extend that period, plaintiffs have failed to provide a reasonable time to comply.

In violation of Rule 45(d)(3)(A)(ii), three of the records subpoenas require production of documents more than 100 miles from Ray-Carroll's location. Although Ray-Carroll is headquartered in Richmond, Missouri, three of the subpoenas direct that production occur in Edwardsville, Illinois (Mistler subpoena), Birmingham, Alabama (Love subpoena), and Montgomery, Alabama (Harris subpoena). Each of these locations is more than 100 miles from Richmond, Missouri.

Finally, the subpoenas are overbroad and would impose an undue burden on Ray-Carroll by making them search for documents that are not relevant to the litigation. As discussed above, the documents sought by the subpoenas exceeds what is authorized by CMO 21. In addition, the subpoenas seek documents that are not relevant to the lawsuits filed by these plaintiffs. Each of

the lawsuits focuses exclusively on paraquat. *See generally* Ex. 8 (Love Complaint), Ex. 9 (Mistler Complaint), Ex. 10 (Letzig Complaint), and Ex. 11 (Harris Complaint). The request for information about other Restricted Use Pesticides is not relevant to that claim and therefore not discoverable. Fed. R. Civ. P. 26(b)(1). Being irrelevant, the burden or expense of the proposed discovery on Ray-Carroll necessarily outweighs the nonexistent benefit of the discovery. *Id.*

The subpoenas also contain no temporal scope, making them facially overbroad. In their Complaints, the plaintiffs allege exposure to paraquat during stated periods of time, as follows: Love - approximately 1975-1985 (Love Complaint at ¶ 129); Mistler – approximately 1973-1979 (Mistler Complaint at ¶ 134); Letzig – approximately 1965-1975 (Letzig Complaint at ¶ 70); and Harris – 1976-1980 (Harris Complaint at ¶ 131). The requested discovery, however, does not reference or limit itself to these time periods (or any other time period). Rather, the subpoenas expressly seek documents for "any time period." Request 1 in each subpoena. Consequently, the discovery is facially overbroad and therefore unduly burdensome.

For numerous reasons, therefore, the subpoenas violate the requirements of Rule 45. Given that (a) these subpoenas also fail to comply with CMO 21, (b) the issuing parties have not responded to Ray-Carroll's communication about the various defects in the subpoenas, and (c) Ray-Carroll does not have any documents that reference the sale of paraquat to any of the plaintiffs or documents dating back to the time period of alleged exposure, Ray-Carroll asks the Court to quash the subpoenas in their entirety.

## Conclusion

For the reasons stated, Ray-Carroll asks the Court to grant this motion and quash the Love subpoena, Mistler subpoena, Letzig subpoena, and Harris subpoena.

Respectfully submitted,

SPENCER FANE LLP

By */s/Brian R. Markley*

Brian R. Markley, MO 46801
6201 College Boulevard, Suite 500
Overland Park, KS 66211
Telephone: (816) 292-8823
Facsimile: (816) 474-3216
Email: brian.markley@spencerfane.com

Attorneys for
Ray-Carroll County Grain Growers, Inc.

**Certificate of Service**

On March 20, 2024, I caused the foregoing to be served via email on the following:

Steven Davis
TorHoerman Law LLC
sdavis@thlawyer.com
Counsel for Steven Mistler;

Leslie LaMacchia
Beasley Allen
Leslie.LaMacchia@BeasleyAllen.com
Counsel for Stephen Harris

Amanda Williamson
Heninger Garrison Davis, LLC
amanda@hgdlawfirm.com
Counsel for Alvin Love

Michael Kruse
Niemeyer, Grebel & Kruse, LLC
kruse@ngklawfirm.com
Counsel for Welmon Letzig

*/s/Brian R. Markley*
Attorney for Ray-Carroll County Grain Growers, Inc.

6